**VICTORY et al. v. HINSON et al.**

**No. 1496.**

Court of Civil Appeals of Texas. Waco.
April 26, 1934.

Rehearing Denied May 17, 1934.

R. E. Minton, of Lufkin, for appellants.

M. G. Mell, Gus Morris and Curtis E. Hill, all of Gilmer, and E. S. Pritchard, of Fort Worth, for appellees.

ALEXANDER, Justice.

A. S. Victory and others brought this suit against the county judge and county commissioners of Upshur county and others to restrain the collection of certain county and state taxes theretofore assessed against the royalty interest owned by the plaintiffs in certain land in said county. From the allegations contained in plaintiffs' petition and the exhibits attached thereto, it appears that

on January 1, 1932, the plaintiffs owned certain land in Upshur county, which land had theretofore been leased by them to third parties for oil and gas mining purposes. The plaintiffs rendered said land for taxes to the county tax assessor, but indorsed on said rendition the following notation: "This does not include the ⅛ royalty under oil lease. The royalty is not subject to taxation against these lessors, see: Ehlinger v. Clark, 117 Tex. 547, 8 S.W.(2d) 666; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566." The county tax assessor accepted said rendition with the values as fixed thereon by said property owners. Thereafter during the same year said tax assessor, at the time and in the manner and form provided by law for the assessment of unrendered real estate, separately listed and inventoried plaintiffs' mineral or royalty interest in said land, placed the same on the rendered tax rolls of said county, and duly assessed same for the taxes levied for the year 1932, which assessment was thereafter duly approved by the commissioners' court of said county. Plaintiffs paid all taxes claimed to be due against said land under the voluntary rendition thereof as made by them, but refused to pay the taxes claimed to be due against their mineral or royalty interest in said land as assessed against same on the unrendered tax rolls of said county. It is the latter item of taxes that is here in dispute. The plaintiffs in their petition to restrain the collection of said taxes set out fully the terms of the oil and gas mining leases and sought to establish that they owned no such mineral or royalty interest in said land as was subject to taxation as real property. The trial court sustained a general demurrer to plaintiffs' petition and upon the plaintiffs' refusal to further amend dismissed the suit. The plaintiffs appealed.

Prior to January 1, 1932, the plaintiffs, as the owners in fee of the land in question, executed an oil and gas mining lease on a part of said land to Ralph A. Johnson, which lease provided, in part, as follows:

"Lessor in consideration of twenty two hundred and no/100 ($2200.00) in hand paid, of the royalties herein provided and of the agreement of lessee herein contained, hereby grants, leases and lets exclusively unto lessee for the purpose of investigating, exploring, prospecting, drilling and mining for and producing oil, gas, laying pipe lines, building tanks, power stations, telephone lines and other structures thereon to produce, save, take care of, treat, transport and own said products, and housing its employees, the following described land in Upshur County, Texas" (Here follows description of the land).

"Subject to the other provisions herein contained, this lease shall be for a term of ten years from this date (called 'primary term') and as long thereafter as oil, gas is produced from said land hereunder."

"The royalty to be paid by lessee are: (a) on oil one-eighth of that produced and saved from said land, the same to be delivered at the wells or to the credit of lessor into the pipe line to which the wells may be connected; lessee may from time to time purchase any royalty oil in its possession paying the market price therefor prevailing for the field where produced on the date of purchase;" (the contract contains further provisions with reference to royalty to be paid on gas on other minerals).

About the same time said plaintiffs leased the remainder of said land to Oscar Kochtitzky and others under a lease contract which provided, in part, as follows:

"Witnesseth: That the said lessor, for and in consideration of ten and no/100 ($10.00) Dollars, cash in hand paid, receipt of which is hereby acknowledged; and of the covenants and agreements hereinafter contained on the part of lessee to be paid, kept and performed, has granted, demised, leased and let and by these presents does grant, demise, lease and let unto the said lessee, for the sole and only purpose of mining and operating for oil and gas, and laying pipe lines, and building tanks, power stations and structures, thereon to produce, save and take care of said products, all that certain tract of land situated in the county of Upshur, State of Texas, described as follows, to-wit: (Here follows description of the land.)

"In consideration of the premises the said lessee covenants and agrees:

"1st. To deliver to the credit of lessor, free of cost, in the pipe line to which lessee may connect his wells, the equal one-eighth part of all oil produced and saved from the leased premises.

"2nd. To pay to lessor, as royalty for gas from each well where gas only is found, while the same is being sold or used, off of the premises, one-eighth of the market price at the wells of the amount so sold or used, the lessor to have gas free of charge from any gas well on the leased premises for all stoves and inside lights in the principal dwelling

house on said land by making lessor's own connections with the well at lessor's own risk and expense."

" * * * Title to the mineral vested in grantee under this lease shall not end or revert to grantor until there is a complete, absolute abandonment by grantee of each and all of the purposes, expressed or implied, of this grant and every part and parcel of the premises described in this grant."

■ The material question to be determined is whether or not the plaintiffs, after the execution and delivery of the oil and gas mining leases in question, still owned such interest in the minerals in place in said land, or such royalty interest appertaining to said land, as was subject to taxation as real estate. In the case of Hager v. Stakes, 116 Tex. 453, 294 S. W. 835, the Supreme Court considered the identical question now before us. The terms of the leases there involved were so nearly the same as those involved in this case as to leave no room for a different construction. The court in that case, after a most thorough consideration of the question, concluded that the lessors under the terms of the leases there under consideration retained such interest in the minerals in said land as was subject to taxation in their hands as real property. We consider the holding in that case decisive of the question here involved.

We recognize that the Supreme Court in the later case of Ehlinger v. Clark, 117 Tex. 547, 8 S.W.(2d) 666, relied on by plaintiffs, held that a lessor, under the terms of a lease similar to the one here under consideration, parted with title to all the minerals in place in the land covered thereby, and, to that extent; the holding therein is apparently in conflict with the holding of the same court in the case of Hager v. Stakes, supra; but we do not agree with plaintiffs that the Supreme Court, by its opinion in Ehlinger v. Clark, intended to overrule its holding in the case of Hager v. Stakes in so far as is concerned the question here involved. In the first place, the opinion in the Ehlinger Case was rendered within approximately thirteen months after the rendition of the Hager Case. There had been no change in the personnel of the court during the interval, and the members of the court must have had their former opinion well in mind at the time of the rendition of the later opinion, yet no reference was made therein to the former opinion. We are of the opinion that if the court by its decision in Ehlinger v. Clark had intended to abandon the principles announc-

ed in Hager v. Stakes and to entirely uproot that decision, it would have done so by a direct reference thereto and would not have left that opinion unmarked as a stumbling block for inferior courts. In the second place, while the two decisions are apparently in conflict as to whether or not a lessor, under such a lease, retains title to any of the minerals in place, they are not in conflict on the question as to whether a lessor under such a lease has such rights or privileges appertaining to the land as would be subject to taxation in his hands as real property. The case of Ehlinger v. Clark did not undertake to decide that question. Revised Statutes, art. 7146, provides that the term "real property" for tax purposes shall be construed to include not only the land itself, but "all the rights and privileges belonging or in any wise appertaining thereto." The right to receive the one-eighth royalty provided for in such leases is a privilege that would pass under a conveyance of the fee in the absence of a special exception excluding the same. Hill v. Roberts (Tex. Civ. App.) 284 S. W. 246; Japhet v. McRae (Tex. Com. App.) 276 S. W. 669. Consequently the lessor's royalty interest is a "right or privilege belonging" or "appertaining" to the land and is subject to taxation as realty in the hands of the lessor. We overrule the plaintiffs' contention that they did not own such royalty interest in the land as could be taxed as real property.

■■ Plaintiffs' next contention is that the tax assessor had no right to assess their royalty interest in the property separately from their interest in the surface, but should have assessed all of their interest, whatever it may have been, as a unit. Ordinarily one's entire interest in a particular tract of land should be assessed for tax purposes as a unit. The assessor should not divide said interest into various portions and assess the same separately; but where the owner has himself separated his interest into various portions and thus invited a separate assessment thereof, we see no reason why the property cannot be so assessed. Slater v. Ellis County Levee Improvement Dist. (Tex. Civ. App.) 42 S.W.(2d) 867, par. 2; Hager v. Stakes, supra, par. 9. In the case at bar the owners rendered for tax purposes their surface interest, but expressly reserved, and purposely refused to render, their royalty interest as reserved in the oil and gas mining leases theretofore executed by them. Under such circumstances, we think the assessor had a right to accept the rendition of the portion so rendered and to separately assess the portion or interest

which the owners refused to include in the rendition so made by them. The owners having thus invited a separate assessment of their interest in the property should not now be heard to complain if the assessor accepted their invitation and assessed the property in the manner suggested by them. State Mortgage Corp. v. Ludwig, 121 Tex. 268, 48 S.W. (2d) 950, par. 5.

The judgment of the trial court is affirmed.