THE STATE OF TEXAS v. J. T. RICHARDSON.

No. 6408.   Decided July 24, 1935.
(84 S. W., 2d Series, 1076.)

*Bullington, Humphrey & King*, of Wichita Falls, for plaintiff in error.

The Court of Civil Appeals erred in holding that the assessment placed upon the property by the Board of Equalization and the assessor was void. Cobb v. Downing, 1 S. W. (2d) 508; Lively v. Missouri, K. & T. Ry. Co., 102 Texas, 545, 120 S. W., 852; Power v. Andrews, 253 S. W., 870.

The method adopted was discrimatory. Roland v. City of Tyler (Com. App.), 5 S. W. (2d) 756; Security Union Co. v. Gullett, 36 S. W. (2d) 1085; 31 Cyc., 203.

*Kilgore & Rogers*, of Wichita Falls, for defendant in error.

On proposition that assessment was void, and on question of tender in payment of taxes. Slaughter v. Sundown Ind. Sch. Dist., 41 S. W. (2d) 478; Randals v. State, 15 S. W. (2d) 715; Austin v. Gas Co., 69 Texas, 180.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The State of Texas, herein called plaintiff, brought this suit against J. T. Richardson, herein called defendant, to recover taxes for the years 1927, 1928 and 1929, and to enforce a lien on certain interests in lands in Archer County. In the opinion of the Court of Civil Appeals, reported in 53 S. W. (2d) 508, will be found a very full statement of facts, and we will make only such statement here as will enable us to dispose of the questions of law involved.

The lands in question were oil producing lands and defendant owned royalty interests therein. For the years 1927 and 1928 he made rendition of these lands to the tax assessor in the usual manner, attaching a valuation to include the lands and his royalty interests, and these renditions were accepted by the assessor. The board of equalization, after hearing and protest on the part of defendant, largely increased the values for the years 1927 and 1928. No rendition was made for the year 1929, and the board affixed values in accordance with the method adopted for the years 1927 and 1928. Defendant appeared and protested these valuations. At all of the hearings, including the hearing in 1929, the board of equalization refused to consider testimony upon the lack of uniformity in

the market value of royalty property, and refused to consider evidence of what would be the market value and the valuation of the property involved for each year.

Defendant resisted payment of the taxes on the ground of discrimination, and on the ground that the board of equalization had adopted an arbitrary method or scheme for determining the value of oil royalties, and therefore the assessments were void. The defendant, however, made tender upon the basis of what he considered a proper taxable value of the royalty interests for each of the years. So far as we are able to determine, the tender for the years 1927 and 1928 were on the basis of the rendition which he had made to the assessor for said years.

The findings made by the jury are summarized by the Court of Civil Appeals in this language:

"The jury by their verdict found that for each of the years 1927, 1928, and 1929, the method used by the commissioners' court, sitting as a board of equalization for the purpose of determining the value of oil royalties in Archer county, was not a fair, uniform, and equal method of determining said values; that such method resulted in arbitrary discrimination against the defendant in favor of other properties in Archer county generally; that the board of equalization for each of said years refused to consider testimony upon the lack of uniformity in the market value of the oil royalty property as of the 1st of January of each year; that they refused to consider evidence on what would be the market value and the valuation for taxation of the property involved for each of said years; and that said board made an arbitrary discrimination against defendant in assessing the value of his oil royalties or other royalty interests in Archer county in favor of livestock in said county."

In response to special issues the jury made findings as to the fair, cash market value of defendant's lands, including the royalty interests, for the years 1927, 1928 and 1929. Some days after the verdict of the jury had been received and filed, the plaintiff was permitted to file a trial amendment. The purpose of this amendment was, in effect, to request the court, in the event the assessments of the property were held void, to reassess the same on the basis of 60 per cent of the jury's findings as to the true cash value; the rule of 60 per cent being uniformly applied as to all taxable property in the county. Without making any affirmative holding as to the validity of the original assessments and the taxes based thereon, the trial

court apparently set them aside or ignored them and proceeded to render judgment for the plaintiff for taxes based upon a valuation arrived at by taking 60 per cent of the values found by the jury as the fair market value of the lands, including royalties. The legal effect of this judgment was to set aside the valuations and assessments made by the board of equalization and to reassess the property in accordance with valuations found by the jury, calculate the taxes with interest for time delinquent, award judgment for the amount of same, and to foreclose the lien.

■ The Court of Civil Appeals correctly held that as it had been found by the jury that the board of equalization had adopted an arbitrary method and scheme for fixing valuations, which resulted in an unjust discrimination against defendant, the assessments thus made were void, and the collection of the taxes based on such assessments could be successfully resisted by defendant. This is so definitely settled by such decisions as Rowland v. City of Tyler (Com. App.), 5 S. W. (2d) 756, City of West University Place v. Home & Mortgage Co., 72 S. W. (2d) 361, and Ramey v. City of Tyler, 45 S. W. (2d) 359, that it need not be discussed.

The findings of the jury to the effect that the reasonable, fair market value of the land, including royalties, was less than the amounts at which defendant's lands had been assessed, showed injury to defendant sufficient to authorize him to contest the taxes and raise the issue of void assessment. This is obviously the reason these issues were submitted to the jury.

■ The real question for decision here is this: Was the district court in this proceeding authorized to revalue and reassess the property on the findings made by the jury and award judgment for taxes with interest on account of delinquency? It is our opinion that in event of a void assessment the district court has no jurisdiction or power to revalue and reassess property and render judgment for taxes based on such revaluation and reassessment. The jurisdiction of the tax assessor and board of equalization is unquestionably exclusive. State v. Chicago, R. I. & G. Ry. Co., 263 S. W., 249. In the event there be a valuation by the board of equalization not wholly void, and the matter of discrimination may be corrected by reducing the valuation according to some mathematical formula, and not by substituting the discretion of a court or jury for the discretion of the board of equalization, a court of equity

may make an equitable adjustment of the values and taxes. Lively v. Ry. Co., 102 Texas, 545, 120 S. W., 852.

■ It is well settled that if a rendition of property be made by the owner, and if the board of equalization by adopting some arbitrary standard, or by failing to hear evidence, or in some other respect fails to follow the provisions of the statute (See Arts. 7211 and 7212 of the Revised Statutes of 1925), fixes a value that is illegal and is afterwards set aside, the taxpayer's original rendition prevails as a basis upon which taxes are to be paid. Brundrett v. Lucas, 194 S. W., 613; Rowland v. City of Tyler (Com. App.), 5 S. W. (2d) 756; Ramey v. City of Tyler, 45 S. W. (2d) 359. In such case, if the taxpayer has made timely tender upon the basis of his rendition, he cannot be required to pay interest and penalties. Ramey v. City of Tyler, supra.

■ In this case no rendition was made for the year 1929, and as the assessment which the board of equalization attempted to make was void, there is no basis upon which a tender could have been made or upon which the taxes can be paid.

The judgment of the Court of Civil Appeals reversing and remanding the case is affirmed, with instructions that for the years 1927 and 1928 the trial court will enter judgment in favor of the plaintiff upon the basis of the tender made by defendant, provided such tender is not less than the rendition which he made for those years. In the event the tender is less than the rendition, then judgment shall be for taxes for said years upon the rendition made by defendant. However, no judgment will be entered in favor of the plaintiff for interest or penalties for these years. For the year 1929 the trial court is directed to render judgment that the plaintiff take nothing by this action, but without prejudice to the rights of the taxpaying authorities under the statutes, and particularly under the provisions of Chapter 11, Title 122, of the Revised Statutes of 1925.

Opinion adopted by Supreme Court July 24, 1935.