## VICTORY et al. v. STATE.

### No. 3845.

Court of Civil Appeals of Texas. El Paso.

Oct. 5, 1939.

Rehearing Denied Nov. 2, 1939.

Motion to Retax Costs Denied
Nov. 23, 1939.

R. E. Minton, of Lufkin, for appellants.

E. G. Aycock and E. S. Pritchard, both of Fort Worth, for appellee.

WALTHALL, Justice.

The State of Texas, as plaintiff, brought this suit to recover delinquent taxes alleged to be due the State, Upshur County, Road District No. 2 in Upshur County and Common School District No. 42, in said county. for the years 1932 to 1936, inclusive. The parties sued as defendants and alleged to own in severalty the properties·

upon which the delinquencies are alleged to be due and owing are A. S. Victory, Rose Dorothy Victory, individually and as administratrix of the estate of O. M. Victory, deceased, and Birdie Victory Milliron and her husband, T. H. Milliron. The suit is to recover the taxes, penalties, interest and costs and to foreclose the tax lien on each of the several pieces of real estate and mineral interest therein located in Upshur County and involved in the suit. The total amount sued for and alleged to be due and owing is $14,168.01, and itemized.

Defendants answered jointly by demurrers, general denial and special answers.

The case was tried to the Court without a jury. The Court made and filed findings of fact and conclusions of law and based thereon rendered judgment in favor of the State and in the capacity indicated in the petition for the taxes found to be due and interest and costs, with foreclosure of tax liens, from which judgment defendants appeal.

The several tracts of land are each designated by the tract number and described by metes and bounds. For brevity we state only the tract number and the individual and representative interest of each defendant in the tract on January first of each year, as found by the trial Judge.

Birdie V. Milliron owned an undivided one-half interest in the surface and royalty in the "Homestead" 200 acres, the "middle" 50 acres of the Evans survey, and of the 44.14 acres of the Pineda, but no interest in the other 50 acres and the 100 acres in the Evans survey.

A. S. Victory and Rose Dorothy Victory owned equally the entire surface and royalty in the 100 acres and the 50 acres of the Evans, and a one-fourth interest, each, in the surface and royalty in the 200 acre "Homestead," the "middle" 50 acres of the Evans, and one-fourth interest, each in the 44.14 acres of the Pineda survey.

The land consists of 250 acres in the E. A. J. Evans Survey, Abstract No. 151, Upshur County, Texas, consisting of what is known as 200 acres "Victory Homestead Tract," and 50 acres "East Middle Tract," out of the Victory farm (and further described, which we omit); 100 acres in the southwest corner of the survey and a 50-acre tract described at much length, which we omit; 44.14 acres in the J. M. Pineda Survey, Abstract No. 386, known as the 44.14-acre tract out of the Victory Farm, and further described by metes and bounds.

The findings of the trial court show at much length the rendition for taxes made by the defendants of the tracts of lands indicated, in the rendition therein describing, dividing and valuing same, all of which we omit. Defendant Birdie Milliron did not render for taxes her interest in the lands for the year 1936, and all defendants failed to render their mineral interests for the year 1932.

The taxes upon the surface of the estate owned by all defendants have been paid for the year 1932.

After rendering their property for taxes for the years 1933, 1934, 1935 and 1936, the defendants, in each of said years, except as found, were notified by the Board of Equalization of the raise of their renditions, except Dorothy Victory, who was not notified of the raise for 1933. As, to her, the court found that such failure to notify "resulted in no injury."

The court found that defendants have failed to present to the Board of Equalization "any evidence of the value of their property" for any of the years involved, and that the Board for said years found and fixed such values in accordance with evidence introduced, and equalized said values with values of other lands in said county.

The court found that the tax assessor duly listed and assessed the mineral interest of each defendant in the lands involved; that said land was subdivided into oil and gas leases by grantees of defendants and their assignees, and that the tax assessor duly charged and extended the taxes upon such interests as levied by the Commissioners' Court upon assessment sheets and upon the unrendered rolls, which lists and rolls were corrected and approved by the Commissioners' Court sitting as a Board of Equalization for the year 1932.

The court found that the lands involved are situated in Upshur County and within the boundaries of Common School District No. 42, and of Road District No. 2.

The trial court made other findings, but with the above general findings stated, we will consider such other findings as they seem pertinent to the proposition discussed.

## Opinion.

Appellants filed numerous assignments of error, some eighty-four in all, and present and discuss them under twenty-nine propositions, procedural and otherwise. Much of what is contended for here as to the

mineral interest, both as to its rendition and as to the payment of taxes due thereon, was presented and decided in a former suit by appellants, and is reported in Victory et al. v. Hinson et al., Tex.Civ.App., 71 S.W.2d 365, and 129 Tex. 30, 102 S.W.2d 194, to which we refer, without discussing the same issues here.

■ Appellants submit that the court abused his discretion in permitting plaintiff to file trial amendments after announcement of ready to try had been made and proceeded to hear evidence, over objection, in support of them. The court gave defendants one hour within which to acquaint themselves with their contents and prepare to meet the issues raised. Defendants advised the court the amendments raised new issues they were not prepared to meet, and asked leave to withdraw their announcement of ready and to continue the case. The court permitted the filing of the amendments which sought to allocate a lump sum in the taxes charged against tracts of land not all of which were jointly owned by the several defendants. The proposition does not state that new matter was pleaded. The court found that the trial amendment set up no new matter, and did not surprise defendants, and it was necessary, in order that justice might be served, that the amendments be filed, and the said maps filed (in connection therewith) are true and correct maps of the Victory farm of 444.14 acres.

We are of the opinion that no abuse of discretion is shown.

■ The record shows that a road and bridge tax was levied in Upshur County on January 1, 1932. The record does not show an apportionment to the road and bridge districts. We think the levy was sufficient, and overrule the sixth proposition asserting error in rendering judgment for road and bridge tax for want of a levy for any year for the road district.

■ T. H. Milliron was served with citation as a party to the suit. He did not own or have any interest in any property involved in the suit, nor did he render it for taxation. It was error to render a personal judgment against him for any sum, and the judgment is hereby corrected in that particular and to that extent.

■ We sustain appellee's contention under the eighth proposition that no reversible error was shown, defendants having jointly rendered all their undivided interests in the lands for the years 1932, 1933 and 1934 in the separate tracts, and each having rendered separately their undivided interests in five separate tracts for the years 1935 and 1936, which five tracts comprise and make up the three tracts rendered for former years. Plaintiff was authorized to show the taxes applicable to each separate tract as rendered by defendants for 1932, 1933 and 1934, it being impossible to show the taxes applicable to the undivided interests of each defendant for those years; and further to show the taxes applicable to the three tracts so rendered for 1935 and 1936 by grouping the undivided interests of defendants, in order that a decree of foreclosure might be rendered.

■ We have concluded that appellants' several propositions to the effect that the trial court's findings of fact that none of the cash on deposit in the banks or elsewhere and none of the notes, credits, etc., were intentionally left off the tax rolls, and their omission was not the result of a fixed plan, scheme, system or practice of the taxing officials, were against the weight and preponderance of the evidence, and cannot be sustained. Several witnesses testified to the contrary. The question of intentional omission on the part of the officers was a fact for the court, and we may not substitute our finding where there was evidence to sustain the court's finding. The courts have held that moneys of other people deposited in a bank may not be assessed against the deposit bank.

Appellants pleaded as a defense that the taxation of their lands in Upshur County was not uniform; that items of taxable value as money, notes, credits, etc., and oil payments were omitted from the tax rolls.

■ Defendant Rose Dorothy Victory complains that the valuation of her property was raised from her rendition for 1933 and 1934 by the Board of Equalization without notice to her, and without her knowledge, consent or acquiescence.

The record sufficiently shows, we think, that the Board of Equalization duly ordered that notices be given; that defendant A. S. Victory rendered the property for all parties for 1933. In 1934 Rose Dorothy Victory was out of the United States until about June 15th of that year. Notice was sent to her and was received on September 14th. It was agreed by counsel that R. E. Minton was agent for all defendants for all years, 1932 to 1936,

inclusive; that he appeared for all parties for said years except for 1933 and 1934, for which two years he *did not appear* for defendant Rose Dorothy Victory.

While the trial judge found the Board failed to notify Rose Dorothy Victory of the raise (possibly meaning in person), and that she was not injured by such failure, we have not found in the record that the notices of the raise in the tax values for 1933 were not received by Mr. Minton; only he did not appear to protest. The judgment indicates the finding that the notices were received.

■ We think the record sufficiently shows tax levies for 1935 and 1936, and overrule propositions complaining of insufficient levies for those years. The evidence is too voluminous to state the action of the Commissioners' Court in making the levies. The orders of the court seem to be regular and sufficient to express and fix the tax rates purported to be charged. The trial court found, upon sufficient evidence, we think, that the lists and assessment rolls were duly examined, corrected and approved by the Commissioners' Court, sitting as a Board of Equalization, for each of the years involved. Certified copies of the assessment rolls were in evidence, and Article 7326, R.C.S.1925, provides that certified copies of all delinquent records shall be prima facie evidence of the true and correct amount of taxes and costs due.

It was the duty of the court, under the record before us, to render the judgment for the sum found due. State v. Richardson, 126 Tex. 11, 84 S.W.2d 1076.

■ Appellants complain of the lack of authority on the part of the attorney representing plaintiff to file the suit because of the want of authority of the Commissioners' Court. The point seems to have been raised for the first time upon appeal. We think the point raised comes too late under Article 7329, R.C.S., and especially in the absence of a verified special plea and proof, as held by the Fort Worth Court in State v. Cage, Tex.Civ.App., 176 S.W. 928, and cases there referred to.

We have found no reversible error other than that referred to and corrected.

Other than the judgment corrected and reformed, the case is affirmed.

### On Motion for Rehearing.

Appellants in their motion for rehearing call our attention to some errors appearing in the opinion, some of which we think are of minor importance and which we have corrected by slight changes in the language of the opinion, a copy of which as amended we send to the attorneys of both sides, and about which we do not think to write further.

■ It is not made to appear that this suit is brought by the County Attorney of Upshur County, but the point is made that "the pleadings in the case are signed by E. S. Pritchard as attorney of record for the State of Texas," who signs the petition as "attorney for plaintiff," and is verified by attorney Pritchard. The judgment recites that "came the plaintiff, State of Texas, by its attorney and announced ready for trial," and came the defendants, etc. Article 7326 of the R.C.S. provides that "The county attorney, or the attorney employed by the commissioners court, shall sign such petition as attorney for the plaintiff." Pritchard does not sign the petition as "the attorney employed by the Commissioners' Court," but a failure to so sign we do not regard as jurisdictional.

We think that under the condition of the record, no question as to Pritchard's employment by the Commissioners' Court having been raised by pleading or otherwise, we can assume that all the conditions of employment of Pritchard were complied with, and that Pritchard was employed by the Commissioners' Court to prosecute the suit in behalf of the State.

There is some confusion in the record as to the interests severally owned by appellants in the tracts of land involved. We said in the opinion, "defendants jointly owned the surface estate in the lands and one-eighth mineral interest." Appellants in their motion say the statement is error, and further say: "Birdie V. Milliron owned an undivided one-half interest in the surface and royalty in the 'Homestead' 200 acres, the middle 50 acres of the Evans survey, and of the 44.14 acres of the Pineda, but no interest in the other 50 acres and the 100 acres in the Evans survey," and direct us to several pages of the record as establishing their statement. We accept appellants' statement as to the individual interests of appellants, and the opinion is reformed to conform thereto.

The above correction as to the several interests of appellants in the lands in the opinion being made, other statements in the opinion referring to the interests of appellants are corrected to conform thereto.

Appellee, the State, not having by pleading or proof sustained its right to recover on behalf of Road District No. 2, the judgment in this respect is error. It is, therefore, ordered that the judgment insofar as the recovery is for and on behalf of Road District No. 2, is reversed and here rendered in favor of appellants.

Other than some minor corrections in the language of the opinion and noted thereon, and corrections noted here in considering the motion for rehearing, the motion is overruled.

Motion granted in part and in part overruled.