

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. 0-1886
                             Re: Validity of the judgment taken in
                                 the case of State of Texas v. J.W.
                                 Jackson, No. 5756, in the District
                                 Court of Bosque County, Texas.

        We are in receipt of your letter of January 22, 1940,
together with the papers enclosed, in which you request an
opinion of this department as to the validity of the judgment
taken in the case of State of Texas v. J. W. Jackson.

        The judgment was taken on the 19th day of December, 1938.
It has become final and may not be appealed from. Any suit to
set aside this judgment would have to be a collateral attack.
The validity of the judgment will be considered in the light of
such attack.

        A judgment cannot be collaterally attacked even though
the same may be voidable. It is necessary that the judgment be
void before such an attack may be made upon the same. See
Morris v. Halbert, 36 Tex. 19, Sup. Ct. of Texas.

        There are authorities too numerous to mention that
distinguish between a void judgment and one voidable. A good
statement of the general rule is contained in 25 Tex. Juris. 693.

        "Generally speaking, the only defect that
will make a judgment void is lack of jurisdiction
on the part of the court rendering it, such lack
being apparent upon inspection of the judgment or
of its record."

25 Tex. Juris. 709:

        "Generally speaking, the only ground upon
which a judgment will be held for naught in an
unrelated proceeding is the absence of one or
more of the following elements: (1) a legally
organized court, (2) jurisdiction over the sub-

ject matter, (3) jurisdiction over the person, (4) power to render the particular relief of order."

There is no question but that in the case at hand we have a legally organized court and said court had jurisdiction over the person.

As to the jurisdiction of the court over the subject matter, the case of Gulf, T. & W. Railway Co. v. Lunn, 141 S.W. 538, affirmed by the Supreme Court of Texas. The court stated as follows:

"The test of jurisdiction is whether the court had the power to enter upon the inquiry, not whether its conclusion was right or wrong."

"Jurisdiction of the subject is the power to hear and determine cases of the general class to which the proceedings in question belong."

While the assessment placed on a particular piece of property by a board of equalization is considered as final for all practical purposes the same may be set aside by a district court of this State if special circumstances are shown. The Supreme Court of Texas in the case of State v. Mallet Land & Cattle Co., 88 S.W. (2d) 471, stated as follows:

"However, the rule has been declared that if a board of equalization adopts a method that is illegal, arbitrary, or fundamentally wrong, the decision of the board may be attacked and set aside."

See also Texas & Pacific Ry. Co. v. City of El Paso, 85 S.W. (2d) 245; Port Arthur Ind. Sch. Dist. v. Baumer, 64 S.W. (2d) 412; Nederland Ind. Scho. Dist. v. Carter, 73 S.W. (2d) 935. In the present case the issue as to the validity of the assessment was raised in defendant's first amended answer as follows:

"Waiving none of the foregoing, and only in the event the Court require further answer, comes the defendant, now and says that plaintiff State and County, and or Intervenor City of Walnut Springs for the years each, sued on herein, have placed a greater value of double on his property than authorized by law, as a proper taxing value, and same has been assessed and placed at greater value than the adjoining and other property of like kind, value and sit-

uation in said City and County by double, and
that the equalization Boards for the respective
years and taxing units herein, have filed to
adjust and fix an equalized value on his prop-
erty in keeping and equalized value as that in
the same situation and of the same kind and
value as other taxable property. That the
values placed on his said property for each of
the said years sued on by each taxing unit here-
in respectively are and is doubled and exces-
sive, and his said property not reasonably worth
for taxing purposes or sale purposes the sum of
money and value fixed and so charged to him on
his said property."

Based on the pleadings above quoted, the Court may have found
that the method of assessment adopted by the Commissioners'
Court was wrong so as to set aside the original assessment by
said board of equalization. In the case submitted to us the
court had jurisdiction over the subject matter. There can be no
question but that the pleading was sufficient, at least to the
extent that the judgment is not void. As stated by the Supreme
Court of Texas in the case of Weems v. Masterson, 15 S.W. 590,
as follows:

"A proposition that a judgment of a dis-
trict court could be attacked in a collateral
proceeding because pleadings were defective,
if the court had jurisdiction over the subject-
matter and the parties, would not be advanced,
and it would be readily conceded that, however
erroneous such a judgment might be, it would
be conclusive on the parties until set aside
by some direct proceeding for that purpose; and
we are of the opinion that this would be true
even if the pleadings were so defective as to
be had on general demurrer, as to present no
issue of fact."

In determining whether the court had the power to render
the particular relief awarded, it is necessary to see whether a
district court of this State had the authority to reduce a tax
assessment of a board of equalization and then enter a judgment
based upon such reduced assessments. In this connection, it is
to be pointed out that the prayer in defendant's first amended
answer is as follows:

"Wherefore this defendant prays that a hear-
ing be had hereon and the true value placed on
his said properties for the years named and to

the taxing units involved herein and he be allow-
ed proper credits therefor and that he be dis-
charged with his costs, and legal and equitable
relief, general and special in the premises he
will ever pray."

The Commission of Appeals of Texas in the case of State v.
Richardson, 84 S.W. (2d) 1076, definitely established the
rule that under certain circumstances a district court had
the authority to enter a judgment for taxes based upon an
assessment reduced by said court. In this connection, the
court stated as follows:

"The real question for decision here is
this, was the district court in this proceed-
ing authorized to revalue and reassess the
property on the findings made by the jury and
award judgment for taxes with interest on ac-
count of delinquency? It is our opinion that
in event of a void assessment the district
court has no jurisdiction or power to revalue
and reassess property and render judgment for
taxes based on such revaluation and reassess-
ment. The jurisdiction of the tax assessor and
board of equalization is unquestionably exclu-
sive. State v. Chicago, R. I., etc., Ry. Co.,
(Tex. Com. App.) 263 S.W. 249. In the event
there be a valuation by the board of equaliza-
tion not wholly void, and the matter of dis-
crimination may be corrected by reducing the
valuation according to some mathematical for-
mula, and not be substituting the discretion
of a court of jury for the discretion of the
board of equalization, a court of equity may
make an equitable adjustment of the values and
taxes. Lively v. Missouri, etc., R. Co., 102
Tex. 545, 120 S.W. 852."

This same principle was reaffirmed by the Supreme Court of Texas
in the case of Republic Insurance Co. v. Highland Park Ind. Sch.
Dist. of Dallas County, 102 S.W. (2d) 184. The Supreme Court of
Texas in the case of Lively v. Missouri, Kansas & Texas Ry. Co.
of Texas, 120 S.W. 852, held that a district court had the au-
thority to reduce the assessment on a taxpayer's property where
it was shown that his property was not assessed equally and un-
iformly with other property. In that case other property had
been assessed at .66 2/3 cents on the dollar of actual market val-
ue as a basis. The Supreme Court held that the district court
had the authority to render a judgment assessing the taxpayer's
property at the same ratio. We cannot be concerned with the

question of whether the court committed such an error as might result in a reversal on appeal. The court had jurisdiction of the parties and the subject matter with the inherent power to grant the relief prayed.

You are advised, therefore, that the judgment in the case under consideration here is a final judgment and is one which is not void and therefore cannot be collaterally attacked.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Billy Goldberg
Billy Goldberg
Assistant

BG:RS:wc


APPROVED FEB 14, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee By s/BWB Chairman