**Alf D. MILLIGAN et al., Appellants,**

v.

**The RICHLAND INDEPENDENT SCHOOL DISTRICT OF NAVARRO COUNTY,**
Texas, et al., Appellees.

No. 4018.

Court of Civil Appeals of Texas.

Waco.

June 21, 1962.

Rehearing Denied Sept. 13, 1962.

Mays & Jacobs, Corsicana, for appellant.

Haley, Koehne, Fulbright & Winniford, W. C. Haley, Waco, Don Pevehouse, Corsicana, W. A. Keils, Jr., Teague, for appellee.

TIREY, Justice.

This cause is a direct attack upon the action of the Board of Equalization of the Richland School District of Navarro County, Texas, because plaintiffs contend that their rendition for taxes for the year 1961 were arbitrarily raised 140% "across the board"; deliberately, arbitrarily and without notice to them that their taxes had been raised. The suit was filed by Alf D. Milligan and 89 other citizens and taxpayers in the school district. The Court, without hearing any evidence, sustained two separate Pleas in Abatement, 6 Special Exceptions and a Plea of Misjoinder and gave the plaintiffs an opportunity to amend their pleadings, which plaintiffs declined to do, and the Court dismissed the cause from the docket and taxed all costs against plaintiffs. Plaintiffs duly excepted and gave notice of appeal and perfected their appeal to this Court.

Plaintiffs went to trial on their First Amended Original Petition. It alleges substantially that on the 1st day of January 1960, they rendered their respective taxes to the collector of taxes for the district, giving the nature and description of their taxable properties, and referred to the rendition of same; that the values placed on their properties by such rendition were reasonable, just and equitable, and that their properties were rendered for taxes at a fair valuation and was equal to value of property of like character of other citizens of said School District; that thereafter the Board of Equalization of such School District, with the approval of the Board of Trustees of the School District, fraudulently and arbitrarily raised their renditions by an arbitrary figure of 35% over and above the values at which said respective properties were rendered, and without any kind of notice to the plaintiffs, and without opportunity of the plaintiffs to be heard, and that said raise was made without hearing evidence on market value or true value, and plaintiffs had no notice of said raise prior to paying said taxes; that the plan of raising the valuation of properties duly rendered for taxes was illegal and was the result of the adoption of an arbitrary and fundamentally erroneous plan or scheme of valuations; that for the year 1960, the School Board levied a rate of $1.70 on $100.00 of value far in excess of the legal and constitutional limit for that purpose. One plaintiff, H. R. Lively, alleges that for the year 1960 he paid his school taxes, as assessed, in the amount of $149.29 under protest and said protest was duly noted on each of the tax receipts, and he prays for judgment against the District for that part of the taxes paid by him in excess of the taxes which would have been due upon a legal assessment upon evaluation as rendered by him, and interest at 6% per annum.

Each of the other plaintiffs paid their taxes to the District for the year 1960 without protest, and they assert no right of recovery for the 1960 taxes paid. All the plaintiffs allege that on the 1st day of January 1961, they duly rendered their properties at a fair valuation, as heretofore stated, for the same amount they rendered them for the year 1960, and thereafter the Board of Equalization arbitrarily instructed the School Board "to raise the renditions of all property in the Richland School District 85% above last year's (1960) rendition for school purposes", which amounted to approximately 140% above the valuation rendered by the plaintiffs herein; that thereafter, these plaintiffs were advised that "the Richland School Board of Equalization has so ordered". Plaintiffs allege that the foregoing action of the Trustees and the Board of Equalization was illegal, fraudulent, arbitrary, confiscatory and contrary to the laws of this state and the constitution thereof, because no notice was served upon the plaintiffs, nor were they given an apportunity to be heard individually by said Board of Equalization prior to the action above stated; that their properties were not valued by the Board of Equalization at its true value in money. Said Board wholly failed to hear evidence touching the true value or market value of their properties. Plaintiffs assert that the School District now seeks to collect taxes in the sum of $1.70 on the one hundred dollar valuations upon such excessive valuations and assessment to these plaintiffs, which will result in damage to these plaintiffs in large and material sums, and that each of these plaintiffs will suffer such damages unless restrained, because the School District, through its collector, will attempt to seize and sell plaintiffs' personal property for the payment of said unlawful assessment, and that they have no adequate remedy at law. Plaintiffs further allege that the School Board failed to publish or advertise notices of their meeting as a Board of Equalization contrary to the provisions of Art. 7206 of Vernon's Ann.Tex. Civ.St., and further allege that defendants wholly failed to notify each plaintiff that their renditions had been referred to the Board of Equalization of said Independent School District, contrary to Article 7185, V.A.T.S. Plaintiffs further allege that there is situated within the boundaries of the School District, one or more banking institutions, particularly the First National Bank of Richland, and that said bank carries substantial deposits therein for its respective customers and has in its vaults stocks and bonds, all of which deposits, stocks or bonds, the exact amount of which these plaintiffs cannot allege, but which is well known to said bank, are subject to taxation within said Defendant School District. Plaintiffs further allege that the defendants purposely, deliberately arbitrarily and systematically failed to tax or require rendition for taxation said bank deposits, stocks and bonds, and that same were omitted from the tax rolls of the School District, and that the result of said omission has permitted the aforesaid species of property to escape taxation altogether for the benefit of the School District, and as a result the taxes required by the School District of these Plaintiffs and others similarly situated, have been largely increased to their material damage, and by virtue of these omissions, these plaintiffs' taxes are within themselves excessive. In their prayer they asked for temporary injunction, and that it be made permanent, and that the 85% blanket raise for the year 1960 be declared illegal and void, and that the amount of taxes due the School District for the year 1961, based upon plaintiffs' rendition of value and a legally assessed tax rate be declared, and that defendants be ordered to issue a tax receipt for the year 1961 to each plaintiff respectively for the payment of said amount; they further prayed that a revision of the assessed values of their property be required so that they will be required to pay only the amount of tax that is justly due and owing, and they prayed for general relief. Plaintiff Lively prayed additionally for judgment for the full sum of $149.29 with interest at 6% from October 18th, 1960, until paid.

Appellants assail the judgment of the Trial Court on eight points. One is to the effect that this cause should be reversed because of the error of the Trial Court in sustaining Defendants' Plea of Misjoinder of Parties Plaintiff and Motion to Sever. We sustain this point under the doctrine announced by our Supreme Court in Texas Employment Comm. v. International Union of Electrical, Radio and Machine Workers, Local Union No. 782, AFL–CIO, Tex., 352 S.W.2d 252. We think that the Opinion of the Supreme Court is so clear and comprehensive that this point need not be labored.

We think the Court's action in sustaining the Pleas in Abatement was premature because the sustaining of the Pleas in Abatement amounted in effect to a general demurrer, and under the record here made we must consider that each of the allegations made by the plaintiffs is true, and the Court should have heard the testimony of plaintiffs before acting upon Pleas in Abatement. In State v. Richardson, Comm. of Appeals, opinion adopted, 126 Tex. 11, 84 S.W.2d 1076, we find this statement:

> "It is well settled that if a rendition of property be made by the owner, and if the board of equalization by adopting some arbitrary standard, or by failing to hear evidence, or in some other respect fails to follow the provisions of the statute (see articles 7211 and 7212 of the Revised Statutes of 1925), fixes a value that is illegal and is afterwards set aside, the taxpayer's original rendition prevails as a basis upon which taxes are to be paid." (citing many cases).

Much has been written on tax matters very similar to the factual situation alleged by the plaintiffs, and we think the Opinion of our Supreme Court in State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, and Whelan v. State, 155 Tex. 14, 282 S.W.2d 378, and the Opinion by the Court of Civil Appeals in Wells Indep. School Dist. v. St. Louis Southwestern Ry. Co., 324 S.W.2d

442, n. r. e., and cases cited therein furnish ample guides to the District Court for the trial of this cause, and that after the Court hears plaintiffs' evidence, the cause can be decided on the authority of the cases here cited. Accordingly, we are of the view that the plaintiffs were entitled to tender their testimony, and they should have been fully heard by the Trial Court before acting on their Pleas in Abatement. We are of the further view that the Court erred in sustaining Defendants' Special Exceptions and the Plea of Misjoinder. This view requires that the action of the Court in dismissing the case be reversed and the Court is directed to reinstate the cause, and to set the cause for trial at a convenient time for the Court in order that these plaintiffs may be heard. All costs of appeal, plus the cost of reinstatement, are taxed against the appellees; all other costs will abide the trial on the merits.

Accordingly, the Court's order of dismissal is reversed, and it is directed to reinstate the cause as hereinabove stated.