## THE FRENCH INDEPENDENT SCHOOL DISTRICT OF JEFFERSON COUNTY V. C. W. HOWTH.

No. 7428. Decided January 3, 1940.
(134 S. W., 2d Series, 1036.)

*Morris & Bennett,* of Beaumont, for plaintiff in error.

Where the owner of the property renders his property for taxation and places a value thereon which value is raised by the board of equalization for the taxing unit and the said owner is notified of such raise in value and fails to make objection to or protest said raised value in the manner provided by law, he is thereafter estopped to question said raised value in defense to a suit for taxes on said property based upon said raised value. Busby v. Smith, 53 S. W. (2d) 138; Duck v. Peeler, 11 S. W. 1111; Cates v. Clark, 33 S. W. (2d) 1065.

*Howth, Adams & Hart,* of Beaumont, for defendant in error.

The assessment is void because the board of equalization did not comply with the statutes, Art. 7206, sec. 3, R. S. 1925, in assessing and equalizing the defendant's land as compared with adjoining lands and did not equalize the value of the improved land in three classes, nor the unimproved land in three classes. Said assessment is also void in that the land is assessed by the school district as one tract, when, in fact, it consists of two or more tracts, and instead of being a suit for taxes on the three several tracts it is for the aggregate of the taxes on all the tracts treated as one and so assessed. Porter v. Langley, 155 S. W. 1042; Hunt v. Throckmorton Ind. Sch. Dist., 59 S. W. (2d) 470; Johnson v. Holland, 43 S. W. 71.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court French Independent School District of Jefferson County, plaintiff in error, was awarded judgment against C. W. Howth, defendant in error, for taxes on land belonging to him and situated in the district, together with a foreclosure of its tax lien upon such land. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause for another trial. 115 S. W. (2d) 1036.

Findings of fact and conclusions of law were filed by the trial judge, from which the opinion of the Court of Civil Appeals quotes at some length. Under the view which we enter-

tain of the case as it comes to this Court, we do not find it necessary to set out those findings in detail.

■ The taxable years involved were 1924 to 1934, both inclusive, except the year 1927; defendant in error having paid his taxes for that one year. He did not render his land for the years 1924-1925 and 1928-1934. For those years it was placed on the unrendered role and valued by the tax assessor as follows: For the year 1924 at $660.00, for the year 1925 at $2900.-00, and thereafter at $5250.00. Two tracts of land are involved, one containing 22.3 acres, and the other 9 acres, making a total of 31.3 acres. The trial court found that the value of the 22 acre tract was $10.00 per acre and the nine acre tract not more than $25.00 per acre; that the entire tract of land was worth less than $500.00, yet was rendered for $5250.00. In short it found facts that would make the rendition unreasonable and confiscatory. The school district did not except to or assign errors upon such findings. We are, therefore, bound by them. The findings disclose that the trial court would have decreed the assessments void, but for the presence of certain facts which the court concluded operated as an estoppel against the land owner. The judgment of the trial court was based solely upon an estoppel. We quote the conclusions of the trial court on the question of estoppel:

"That the defendant, C. W. Howth, having failed to appear before said equalization boards or any of the other taxing authorities of the said French Independent School District for said years 1924 to 1934, both inclusive, and make protest of the valuations placed on said land for said years after he had been notified of the valuations and by reason of his payment of the taxes on said land for the year 1927 upon the valuation of $5250.00 without protest, and by reason of having himself rendered said property in bulk for the years 1926 and 1927, he is now estoppel to claim that said land has been excessively valued or improperly described."

The Court of Civil Appeals concluded that under the conflicting findings the judgment could not be made to rest upon an estoppel. Our only inquiry is whether or not the findings of the trial court support its legal conclusion that defendant in error is estopped to question either that his land was excessively valued or that it was improperly described.

■■ The conclusion that defendant in error was estopped to claim that his land had been excessively valued was based upon these fact findings: For the year 1926 he signed a rendi-

tion sheet prepared by the tax assessor in which the value was placed at $2900.00, but the board of equalization raised the value to $5250.00 for that year. The following year, 1927, he rendered his land at a value of $2,000.00. It was raised again to $5250.00, but he nevertheless paid the taxes for that one year. There are apparently conflicting findings, as pointed out by the Court of Civil Appeals, with reference to the question of whether notices of the valuations placed upon his property were sent to or received by him. Be that as it may, it is our view that Howth is not estopped to claim that the assessment of taxes against his property was arbitrary, confiscatory and, therefore, void, merely because he paid taxes under such void rendition for one year and failed to go before the authorities and enter a protest. More than one reason might be conceived why he paid the illegal tax for one year, but the fact that he did so does not operate to estop him from resisting void assessments for prior and subsequent years. His paying more than he was legally obligated to pay one time did not license the district to continue to make void assessments against him. The difficulty of the position of the plaintiff in error lies in the fact that the record contains unchallenged findings of fact which render the assessments confiscatory and void, and no affirmative act of the defendant in error authorized such assessments. The elements of an estoppel are not present in this phase of the case.

■ With reference to the question of whether defendant in error is estopped to claim that his property was improperly described, a different question is presented. The record discloses that his tracts were not separately assessed, but were described as one tract. The record further discloses that he gave one acre of his land to the school district for school purposes many years ago, which gift was not taken into account in the assessments by the tax assessor. It is further disclosed by the record, however, that defendant in error himself signed two rendition sheets during the taxable years in controversy, one in 1926 and one in 1927, in each of which the property was described just as it was in the assessments made out by the tax assessor for the other years, thereby affirmatively certifying that the description was correct. These acts on his part operate as an estoppel against him to complain of the description or failure of the taxing authorities to assess the tracts separately. The matter of assessment by separate tracts is for the tax payer's benefit and by his own act in rendering his land as one tract, defendant in error waived any right which he

had to have same separately described and valued. State Mortgage Corporation v. Ludwig, 121 Texas 268, 48 S. W. (2d) 950. He cannot complain that the school district continued to describe the land just as he represented in writing that it should be described.

■ In view of another trial we make these observations: It is disclosed by the record that defendant in error signed a rendition sheet for the year 1926, in which his property was valued at $2900.00. If upon another trial it should be determined that the act of the district in undertaking to raise the valuation to $5250.00 was void, then judgment may be rendered for taxes for that year at the valuation of $2900.00, provided the pleadings authorize such judgment. State v. Richardson, 126 Texas 11, 84 S. W. (2d) 1076; Republic Insurance Co. v. Highland Park Independent School District, 129 Texas 55, 102 S. W. (2d) 184.

Should it be determined upon another trial that any or all of the assessments were void, the right of the district again to assess and levy the taxes under Vernon's Statutes, Art. 7346, should not be prejudiced by any recitals in the judgment. State v. Richardson, supra.

For the reasons above assigned, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court January 3, 1940.