### STATE et al. v. HOUSER.

### No. 5756.

Court of Civil Appeals of Texas. Texarkana.

Feb. 8, 1940.

Rehearing Denied Feb. 22, 1940.

E. L. Myers, H. C. Ellis, and Ben F. Mooring, all of Paris, for appellants.

R. E. Eubank, of Paris, for appellee.

WILLIAMS, Justice.

In this suit to recover judgment for taxes and foreclosure of tax lien on a certain building and lot in Paris owned by appellee, Houser, the State of Texas, suing for itself and in behalf of Lamar County, and the impleaded defendants, City of Paris and the Paris Independent School District, on their cross-action were denied a recovery. These taxing units will be referred to as plaintiffs.

The assessment and collection of the school district taxes were handled by the assessor-collector for Lamar County. The delinquent tax records for the county and school district carried an assessed value on the property at $4,500 for 1935, and 1936, and $4,000 for 1937. Similar rolls for the city show an assessment of $4,000 for 1937 and 1938. The taxes involved in suit are based upon these respective assessments. With the exception of one year's rendition by defendant to the city, neither the pleading nor evidence discloses at what figures defendant rendered this property for taxes for the years involved. However, defendant pleaded and offered evidence in support of his claim that this property had been excessively and arbitrarily overvalued. He introduced evidence as to construction of the building, its condition of repair; the location, its cost, the rentals received, and its value did not exceed $3,000. He testified that he appeared before the respective equalization boards in protest to the assessments and to offer evidence as to the value of the property, but that these boards refused to hear proof and made no effort to ascertain the fair market value of the property. The taxing units offered no testimony as to value or under what method or scheme, if any, the values so placed on the property had been reached. The city offered defendant's rendition for one of the years involved. The court found that "from the undisputed evidence" the value of the property did not exceed $3,000 in any of the years involved;" that no testimony was offered by the taxing units in explanation of their values placed upon the property; and. that the valuation placed thereon by the taxing units was of such an excessive amount over and beyond the market value or its intrinsic value as to constitute an arbitrary and unreasonable value and to show an arbitrary fixing of value. The respective assessments were declared null and void without prejudice to rights of plaintiffs to reassess the property for taxes for the years involved.

■■ "It is well established that the term 'value,' as used in [Article 8, Section 1, of] our [State] constitution [Vernon's Ann. St.], means the reasonable cash market value." Rowland v. City of Tyler, Tex. Com.App., 5 S.W.2d 756, 760, and authorities there cited. If the reasonable cash market value is the true criterion, then it follows that a valuation placed upon this property by an equalization board from 33⅓% to 50% in excess of its reasonable cash market value as found by the court from undisputed evidence, and the ascertainment of such assessment in no wise explained, would be violative of the provisions of Article 8, Section 1, supra. Rowland v. City of Tyler, supra; Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71; French

Ind. School Dist. v. Howth, 134 S.W.2d 1036, by the Commission of Appeals, not yet reported [in State reports].

■ Because of Sec. 2, 5, 8, 9 and 10 of Art. 7345b, Vernon's Ann.Civ.St. enacted by the 45th Legislature, c. 506, the judgment of the trial court is affirmed as to all taxing units named.