## LAMAR COUNTY ELECTRIC COOPERATIVE ASS'N v. RED RIVER COUNTY et al.

### No. 11450.

Court of Civil Appeals of Texas. Galveston.

April 1, 1943.

Rehearing Denied April 22, 1943.

M. D. Emerson, of Paris, for appellant. No brief for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, Lamar County Electric Cooperative Association, against appellees, the County Judge and the County Commissioners of Red River County, Texas, sitting as a Board of Equalization, to perpetually enjoin appellees from collecting or attempting to collect from appellant an amount alleged by appellant to be in excess of the taxes due upon its rendition and to require the appellees, by mandatory injunction, to accept the sum tendered as appellant's rendition in full and complete payment of all state and county taxes due by appellant for the year 1941.

Appellant alleged that its property was rendered in the time prescribed by law for

taxation at a proper valuation of $50 per mile of electric line, and that the commissioners' court, acting as the Board of Equalization, raised said valuation to $75 per mile by a method of unauthorized assessment which was fraudulent, arbitrary, illegal, and unauthorized by law, and which constituted an unjust discrimination against it.

In a trial before the court without a jury judgment was rendered for appellees, denying the relief sought. No findings of fact or conclusions of law were requested by the parties or filed by the trial court. No brief has been filed herein by appellees.

Appellant contends that there was no evidence in the record to support the trial court's judgment in denying it the relief sought, and that the Board of Equalization acted arbitrarily in raising the value of its property in said rendition in conformity with a promise made to the Texas Power and Light Company, a competing company, that the valuation of appellant's lines would be made the same as the valuation of its lines.

Appellant's business was that of an electric cooperative association. Its properties consisted of distribution lines, including poles, wires and other appertainers thereto. Appellant's general manager testified that he appeared before the Board of Equalization of Red River County in response to a notice from the Board and that he testified at that hearing that $50 per mile represented the reasonable cash value of the company's properties in the county. He testified that there was no other evidence offered at that hearing contrary to the testimony he gave. Two members of the Board of Equalization testified, in substance, that there had been some discussion among members of the Board with reference to making appellant's valuation the same per mile as that of the Texas Power and Light Company. Another member of the Board testified that in arriving at the valuation to be placed on appellant's properties for taxing purposes he had relied on information furnished him by appellant's general manager on a previous occasion when he was negotiating with the company for a transmission line into his sawmill,, that it would cost $250 to build half a mile of line. The County Judge of Red River County, a member of the Board of Equalization, testified in substance that, in arriving at the valuation to be placed on appellant's properties, he took into con-

sideration his general knowledge of the items that went into their construction and that he considered the assessment placed thereon to be in conformity with the valuation placed on other power lines in Red Rivr County. The rendition was made by a vote of a majority of the Board.

It is the settled law in this state that, a Board of Equalization, being a quasi judicial and not a judicial body, is not bound by the ordinary rules of evidence, but that it is allowed a broad latitude in determining the value at which property is to be assessed for taxing purposes and that, in determining these valuations, it may take into consideration any fact or circumstances which tends to show such value or which might be considered by a person who might be interested in purchasing the property. 61 C.J. 825, § 1038; Allen v. Emery Independent School District, Tex.Civ.App., 283 S.W. 674; Exporters & Traders Compress & Warehouse Co. v. City of Marlin, Tex.Civ.App., 130 S.W.2d 860; Vernon's Ann.Civ.St. art. 1051.

The ultimate conclusion of a Board of Equalization is subject to review by courts only where it is shown to have been influenced by fraud, or where the Board has adopted a method for determining such valuation which is illegal, arbitrary, or fundamentally wrong, or where its valuations are shown to be grossly excessive. It is the rule that if a Board honestly and fairly endeavors to fix a valuation for taxing purposes, a mistake on its part under such circumstances is not subject to review. State et al. v. Houser, 138 Tex. 28, 156 S.W.2d 968; Victory et al. v. State, 138 Tex. 285, 158 S.W.2d 760.

In view of the fact that this case was tried before the court without the intervention of a jury, it must be presumed that the trial court found every issuable fact raised by the pleadings and tendered by the evidence in support of the judgment, and the judgment, read in the light of the testimony, must be construed as an affirmative finding that the trial court found that the appellees, sitting as the Board of Equalization, fairly and honestly endeavored to fix a fair and just valuation of appellant's properties and that such valuation was based upon the information and knowledge of a majority of the members of the Board. Miller et al. v. State, Tex.Civ.App., 155 S.W.2d 1012; Gulf Coast Chemical Co. v. Hopkins, Tex.Civ.App., 145 S.W.2d

928; Houston Oil Co. v. Biskamp, Tex. Civ.App., 99 S.W.2d 1007.

It follows that the judgment of the trial court must be, in all things, affirmed.

Affirmed.