**WEST TEXAS GULF PIPE LINE COMPANY, Appellant,**

v.

**HARDIN COUNTY, Texas, et al., Appellees.**

**No. 10616.**

Court of Civil Appeals of Texas.

Austin.

Dec. 17, 1958.

Rehearing Denied Jan. 7, 1959.

William F. Erwin, Jr., Houston, Keith, Mehaffey, McNicholas & Weber, Beaumont, for appellant.

Earl B. Stover, County Atty., Kountze, E. G. Aycock, Fort Worth, for appellees.

ARCHER, Chief Justice.

Appellant, a common-carrier oil pipe line, brought suit in the District Court of Hardin County, Texas, to restrain the County and certain of its officials from attempting to collect the ad valorem taxes upon the portion of appellant's line in said county for

the year 1957. Appellant paid the taxes it conceded to be due and sought judgment cancelling the assessment in excess of the admitted value. An interlocutory order temporarily enjoining and restraining the defendants was sought by appellant to be effective until the final determination of the controversy. The trial court, after hearing evidence, denied the application for the temporary injunction.

This suit involves only the taxes on the tangible value of the appellant's pipe line, taxes on the intangible value certified by the Intangible Tax Board having been paid.

The appeal is based on four points assigned as error and are to the effect that the Court erred in refusing to grant the temporary injunction, when it was shown conclusively that the taxing authorities failed to consider the intangible values, along with the tangible values when assessing the pipe line for ad valorem tax purposes, and raised the assessment made by appellant without considering evidence at a public hearing, and in illegally raising the assessment upon the pipe line to double that of other comparable lines, and at a greater value percentagewise than property generally in the county was valued.

As is stated by appellant in its reply brief:

"The principal point involved in this appeal is whether or not intangible values of an oil pipeline must be considered along with the tangible values, in arriving at the assessment of such pipeline for ad valorem tax purposes. To state it differently: Is appellant correct in its contention that the aggregate assessed value of the intangibles and the physical units must be upon a substantially equal basis with the assessed value of all other tax properties? Or: Are appellees correct in their contention that the tax collected upon the intangibles is something 'over and above' the normal tax on the property?"

We believe that the answer to the question is that the tax collected upon the intangibles is something over and above the normal ad valorem tax.

Article 7105, Vernon's Ann.Civ.St., provides:

"Each * * * oil pipe line company * * * doing business * * * in this State, *in addition* to the ad valorem taxes on tangible properties which are or may be imposed * * * shall pay an annual tax * * * on their intangible assets and property, and local taxes thereon * * *; *which additional tax* shall be assessed and levied upon such intangible assets * * *" (Emphasis added.)

We do not believe that the two separate valuations, one made by the Intangible Tax Board and the other by the County authorities, go to make up one single aggregate valuation.

The County officials have no authority to review a valuation made by the Intangible Tax Board, and it is on the valuation for ad valorem taxes that the County officials have authority to review an assessment and to fix a valuation thereon, and it is to this latter valuation that the Board of Equalization can give its attention and such valuation by the Board must be in reasonable relation to other similar property and not discriminatory.

Articles 7098, 7105 and 7113, V.A.C.S.; Lively v. Missouri K. & T. R. Co., 102 Tex. 545, 120 S.W. 852; Great Southern Life Insurance Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778; State v. Houston & T. C. R. Co., Tex.Civ.App., 209 S.W. 820.

In Brown County v. Atlantic Pipe Line Co., 5 Cir., 91 F.2d 394, the court discusses extensively the nature of intangible values, and the limitation on County officials. We see no need to quote the language in the opinion.

Appellate courts presume the finding of all facts necessary to support the judgment of the Trial Court rendered upon conflicting evidence.

In City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414, our Supreme Court held that only those owners who can establish that the alleged unlawful procedures have resulted in actual assessment of their property at *substantially more* than the percentage used by the Board of Equalization would be entitled to relief.

Appellees tendered in evidence those portions of the Assessment Roll of Hardin County for the year 1957 showing the assessment of appellant's property, together with certificate of approval of the Roll, and by virtue of the provisions of Article 7336, V.A.C.S., made a prima facie case of the validity of the assessment. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569; Dallas County v. Dallas National Bank, 142 Tex. 439, 179 S.W.2d 288.

We do not believe that the trial judge abused his discretion in refusing to grant a temporary injunction.

There was a hearing had and there was a conflict in the evidence before the County Board of Equalization and there was no showing that the assessed valuation fixed by the Board was grossly excessive.

The Equalization Board fixed the assessed value of appellant's 34.263 miles of pipe lines at $307,800. The assessment made by the Pipe Line was $272,390 for ad valorem taxes.

The value of Transcontinental Gas Pipe Line Corporation, with 32.79 miles, was valued at $340,280, and Trunkline Gas Co., with a mileage of 34.79 was valued at $286,840.

The rule is that in the absence of fraud or illegality or the adoption of a fundamentally wrong method or plan of assessment which substantially injures the complainant, the action of the Board is final. Whelan v. State, 155 Tex. 14, 282 S.W.2d 378.

The injunctive relief sought by appellant was after the assessment had been completed and not while the Equalization Board was in session. Begert v. Alexander, Tex.Civ.App., 297 S.W.2d 895, er. ref., N. R.E.; Montgomery County v. Humble Oil & Refining Co., Tex.Civ.App., 245 S.W.2d 326, er. ref., N.R.E.; State v. Houser, 138 Tex. 28, 156 S.W.2d 968.

Appellant alleged a mistake of fact in the preparation and filing of its rendition, but did not plead a theory of mistake of fact.

The valuation placed on the property by appellant, in the absence of fraud, accident or mistake, is binding, and appellant cannot later complain that the valuation was too high. State v. Houser, supra; Weinberg v. Molder, Tex.Civ.App., 312 S.W.2d 393, er. ref., N.R.E.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.