Mrs. Claudia WESTERMAN

v.

**VERNON INDEPENDENT SCHOOL DISTRICT.**

No. 7099.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 19, 1962.

R. D. Oswalt, Vernon, for appellant.

C. L. Chance, Austin, for appellee.

DENTON, Chief Justice.

The Vernon Independent School District sued Claudia Westerman for delinquent ad valorem taxes on real property owned by her for the years 1946 through 1959. This property consisted of two houses located on two adjoining lots in the City of Vernon. The State of Texas, Wilbarger County, and the City of Vernon were impleaded as party defendants, but their claims were settled prior to judgment, hence they are not parties to this appeal. The trial court entered judgment non obstante veredicto for the school district and the defendant has perfected this appeal.

■ According to the record, the school district assessed real property on the basis of 40 per cent of the reasonable cash market value. Appellant makes no objection to this policy or method of assessment, but is contending that the valuation placed on her property was unfair and was not uniform and equal to other comparable property located within the school district. We are therefore not called upon to determine the validity of the tax system used by appellee, but rather to decide if the system was improperly applied to the property belonging to appellant. The school district made out a prima facie case of establishing the validity of the assessed valuations by introducing a certified copy of the official records into evidence. Appellant's property was assessed at a value of $2600.00 for tax purposes, and the jury found the fair taxable value to be $2200.00. Upon proper motion the trial court entered judgment non obstante veredicto in favor of the appellee school district.

Upon the appellee making out its prima facie case, appellant attempted to go forward with her burden to avoid the valuation of her property by showing other houses and lots were valued at a lower figure. These properties were located in various parts of the City of Vernon, and they consisted of different sizes, types of construction and so forth. The record reveals that appellant had not rendered the property in question during the years involved here with the school district, and no protest had ever been made of the action of the board of equalization.

■ It is well settled that the assessment of property for tax purposes is a quasi-judicial function of boards of equalization, and that no attack on such valuations fixed by such boards will be sustained in the absence of proof of fraud, want of jurisdiction, illegality, or the adoption of an arbitrary and fundamentally erroneous plan or scheme of valuation. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569; State v. Houser, 138 Tex. 28, 156 S.W.2d 968; Druesdow v. Baker (Com.App.) 229 S.W. 493, opinion adopted. It is also settled that when such a board's action is attacked it will be presumed that the board discharged its duty according to law and acted in good faith. Zachary v. City of Uvalde (Com.App.) 42 S.W.2d 417; Lubbock Hotel Co. v. Lubbock Independent School Dist. (Civ.App.) 85 S.W.2d 776 (no writ history). Appellant has neither pleaded nor attempted to prove fraud, want of jurisdiction, or an illegal or erroneous plan of valuation.

■ Although a grossly excessive valuation has been held to be sufficient to establish fraud or illegality so as to render the valuation fraud (French Independent School Dist. of Jefferson County v. Howth, 134 Tex. 211, 134 S.W.2d 1036), no such excessiveness is present in the instant case. It has also been held that where a valuation fixed by a board of equalization is attacked on grounds of discrimination, as is here asserted by appellant, it is not sufficient to show, comparatively, that in other isolated instances property of equal value as the property in question was valued at less. Dallas County v. Dallas Nat. Bank, 142 Tex. 439, 179 S.W.2d 288; State v. Whittenburg, supra.

Even though it may be assumed that the ad valorem tax system used by appellee was invalid, which is not contended and we do not so find, the tax payer must show the system worked to his substantial injury. State v. Whittenburg, supra; State v. Federal Land Bank of Houston, 160 Tex. 282, 329 S.W.2d 847; Doneghy v. State (Civ. App.) 334 S.W.2d 506 (refused n. r. e.). Appellant's pleadings and proof do not raise this question. We therefore conclude appellant has totally failed to sustain her burden in an effort to avoid the valuation assessed against her property.

We are therefore of the opinion, and so hold, the trial court properly entered a judgment non obstante veredicto in favor of the appellee. The judgment of the trial court is affirmed.