Mrs. Bertie May PIERCE et al., Appellants,

v.

CITY OF JACKSONVILLE et al., Appellees.

No. 200.

Court of Civil Appeals of Texas.

Tyler.

May 12, 1966.

Rehearing Denied June 9, 1966.

M. M. Guinn, Rusk, Donald Carroll, Ramey, Brelsford, Flock & Devereux, Tyler, for appellants.

Wm. Emerson Stone, Jr., Stone & Stone, Jacksonville, for appellees.

MOORE, Justice.

Appellants, heirs of the estate of W. E. Pierce, brought this suit against the City of Jacksonville, its Mayor, City Commissioners, Tax Assessor-Collector and Board of Equalization, seeking an injunction against the collection of city ad valorem taxes assessed against properties owned by the estate for the years of 1961, 1962 and 1963. The suit was brought after city-wide valuations had been fixed and adjusted by the Board of Equalization for all years in question. As a basis for injunctive relief, appellants alleged that the values placed upon their properties by the Board of Equalization were so grossly in excess of the reasonable cash market value of the properties that such valuations amounted to a legal fraud upon the appellants and were therefore void under the provisions of Article 8, Sec. 20, Vernon's Ann.Texas Constitution. They further alleged that the formula or method used by the Board of Equalization in arriving at the value of their properties was based upon a fundamentally erroneous plan or scheme of valuation resulting in substantial injury to them and that the assessments, for this additional reason, were void. Appellants tendered into court the amount of taxes due upon their properties in accordance with the values which they had theretofore rendered to the Tax Assessor-Collector, and prayed for a judgment voiding the assessment of taxes by the Board of Equalization and to require the City to accept the sum tendered by them, and for an injunction restraining the City from the collection of taxes based on said assessments.

The City of Jacksonville answered by a general denial and by a cross-action sued appellants for the taxes, which in the meantime had become delinquent, and prayed for a judgment foreclosing the tax lien.

Trial was before a jury at the conclusion of which the trial court submitted to the jury six Special Issues, each of which required the jury to find the fair cash market value of each of the six items of property involved in this controversy, for the years 1961, 1962 and 1963. In all issues, except one, the jury found the fair cash market value to be less than that set by the Board of Equalization for each of the years of 1961, 1962 and 1963.

The trial court denied appellants' injunctive relief, but found some of the assessed values to be so grossly excessive as to require cancellation. On those not found to be grossly excessive, the court entered judg-.

ment for the appellee, City of Jacksonville, on its cross-action for the taxes based upon the valuation found by the Board of Equalization. Where the assessed value was found to be grossly excessive, the assessment of the Board of Equalization was cancelled without prejudice to the right of the taxing authority, City of Jacksonville, to either (1) accept taxes from the plaintiffs on the basis of the renditions for the years 1961, 1962 and 1963; or (2) take the matter back before a Board of Equalization for a new assessment in accordance with Article 7346, Vernon's Ann.Tex.Civ.St. The following table, which was prepared by appellees, identifies the tracts of real property and items of personal property for each of the years in question, the assessed values, the findings of the jury, the court's action thereon, and the percentages of the jury's findings as it relates to the assessed value of the Board of Equalization, and will be helpful in understanding the ruling of the trial court.

|  | Tax Year | Assessed Value | Jury Findings | Court's Action | Percentage of Jury to Assessed Value |
|---|---|---|---|---|---|
| Tract 1 | 1961 | $18,550 | $14,000 | Assessment Cancelled | 75.47% |
|  | 1962 | 16,182 | 14,000 | Assessment Upheld | 86.51% |
|  | 1963 | 16,182 | 14,000 | Assessment Upheld | 86.51% |
| Tract 2 | 1961 | 16,290 | 8,000 | Assessment Cancelled | 49.10% |
|  | 1962 | 15,004 | 8,000 | Assessment Cancelled | 53.31% |
|  | 1963 | 12,379 | 6,875 | Assessment Cancelled | 55.00% |
| Tract 3 | 1961 | 15,250 | 13,500 | Assessment Upheld | 88.52% |
|  | 1962 | 15,250 | 13,500 | Assessment Upheld | 88.52% |
|  | 1963 | 15,250 | 13,500 | Assessment Upheld | 88.52% |
| Tract 4 | (Moot because of subsequent sale and payment of taxes). | | | | |
| Item 5 | 1961 | 21,726 | 8,464.40 | Assessment Cancelled | 38.95% |
|  | 1962 | 10,095 | 8,769.52 | Assessment Upheld | 86.86% |
|  | 1963 | 13,640 | 9,753.62 | Assessment Cancelled | 71.50% |
| Item 6 | 1961 | 778 | 500.00 | Assessment Cancelled | 64.26% |
|  | 1962 | 778 | 500.00 | Assessment Cancelled | 64.26% |
|  | 1963 | 500 | 500.00 | Assessment Upheld | 100% |

Appellee, the City of Jacksonville, concedes that the action of the trial court cancelling the assessments as shown by the above table was proper.

The taxpayers perfected this appeal contending, among other things, that the trial court erred in refusing to enjoin the City from the collection of the taxes, penalty and interest, in view of the jury's verdict showing that values set by the Board of Equalization were in excess of the fair cash market value. Since the assessed value exceeded the fair cash market value, they reason that the assessment of taxes based thereon would be void because of Article 8, Sec. 20, of Vernon's Ann.Texas Constitution, which provides as follows:

"No property of any kind in this State shall ever be assessed for ad valorem taxes at a greater value than its fair cash market value nor shall any Board of Equalization of any governmental or political subdivision or taxing district within this State fix the value of any property for tax purposes at more than its fair cash market value; * * *"

Appellants point out in their brief that they do not attack the validity of the assessments on the basis of some alleged inequality as to the taxable values when compared with other properties located within the taxing district, nor do they contend that this is a case wherein the taxpayer is seeking to set aside the taxation of certain properties because of the omission of other properties from taxation, thereby increasing the taxable burden upon their properties. They say that this is a case wherein both the values upon which taxes were levied, and the manner of arriving at those values, are attacked.

Appellants take the position that judgment for taxes based on the Board's value is erroneous in that it violates the above provision of the Constitution directing that no taxes may be levied based upon a value at more than fair cash market value. They contend the court erred in refusing to enjoin the City from enforcing taxes, penalty and interest rendering judgment for taxes based upon a value in excess of the fair cash market value as found by the jury.

▇▇▇ It is now well settled that the assessment of property for tax purposes is a quasi-judicial function of a Board of Equalization and that no attack on valuations fixed by such Board can or will be sustained in the absence of proof of fraud, want of jurisdiction, illegality, or the adoption of an arbitrary and fundamentally erroneous plan or scheme of valuation. State v. Houser, 138 Tex. 28, 156 S.W.2d 968, 970, 971; Druesdow v. Baker (Tex.Com.App.), 229 S.W. 493, 495. Moreover, when their official action is attacked it will be presumed that such Boards discharged their duties as public agencies according to law and acted in good faith. Zachary v. City of Uvalde (Tex.Com.App.), 42 S.W.2d 417; Lubbock Hotel Co. v. Lubbock Independent School Dist. (Tex.Civ.App.), 85 S.W.2d 776, no writ; Hinkson v. Lorenzo Independent School Dist. (Tex.Civ.App.) 109 S.W.2d 1008, writ dism.

▇▇▇ While it has been held that a grossly excessive valuation may, in law be sufficient to establish such fraud or illegality as to render a valuation void, Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71, writ denied; City of Sweetwater v. Biard Development Co. (Tex.Civ.App.), 203 S.W. 801, no writ; Simkins v. City of Corsicana (Tex.Civ.App.), 86 S.W.2d 792, no writ; Howth v. French Independent School Dist. (Tex.Civ.App.), 115 S.W.2d 1036; French Independent School District of Jefferson County v. Howth, 134 Tex. 211, 134 S.W. 2d 1036, it is held with equal emphasis that mere errors in judgment, or the fact that a trial judge or jury differs with the valuation fixed, will not suffice as a basis for voiding the Board's action. Simkins v. City of Corsicana, supra; Druesdow v. Baker, supra; State v. Houser, supra; State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569.

As shown in the table above, in each instance where the trial court found the valuation placed on the property by the Board was grossly excessive, the assessments were cancelled. In other instances, although the values as set by the Board were in excess of the fair cash market value, the court determined that the values were not so excessive as to render those values unconstitutional and void, and therefore rendered judgment for the taxes based thereon.

In passing upon the question of the procedure to be followed when the assessed valuation of property is found to be grossly excessive, the Supreme Court of this state in Whelan v. State, 155 Tex. 14, 282 S.W.2d 378, said:

"If the answers of the jury show that the assessed valuation of petitioners' properties is grossly excessive, * * * the assessments of petitioners' properties for the years 1950, 1951 and 1952 should be cancelled without prejudice to the right of taxing authorities to accept petitioners' taxes on the basis of the valuations at which petitioners rendered their properties or to proceed under the provisions of Article 7346, V.A.C.S. * * *"

With respect to the values which were found to be grossly excessive, the trial court cancelled the assessments and followed the procedure suggested by the Supreme Court, hence we find no error in this respect.

■ Admittedly, that portion of the judgment allowing a recovery for taxes was based upon assessed values which were in excess of the cash market value as found by the jury. However, if the Board's values cannot be said to be grossly in excess of the jury's finding, the Board's findings would not be void. In Whelan v. State, supra, the court said:

"* * * If an issue on excessive valuation of petitioners' properties—as distinguished from an unequal valuation thereof—is submitted, cancellation of the assessments should not follow unless the finding shows the assessed valuations to be grossly excessive, Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71, writ denied; State v. Houser, 138 Tex. 28, 156 S.W.2d 968, as distinguished from a mere difference in opinion or error in judgment, State v. Houser, supra; Simkins v. City of Corsicana, Tex.Civ.App., 86 S.W.2d 792, no writ history. * * *"

■ In cases such as this, where it is contended that the valuations are excessive, the court hears and considers evidence as to value for the purpose of determining whether the property has been so grossly overvalued as to result in harm or injury to the complainant. Montgomery County v. Humble Oil & Refining Co. (Tex.Civ.App.), 245 S.W.2d 326.

■ Before the valuation can be said to be grossly excessive, the assessed value must be so far above the fair cash market value as to shock a correct mind and thereby raise a presumption that the valuation was fraudulent or does not represent a fair and conscientious effort on the part of the Board to arrive at the fair cash market value. Richardson v. Kent (Tex.Civ.App.), 47 S.W.2d 420; Lubbock Hotel Co. v. Lubbock Independent School Dist., supra.

■ A reasonable discrepancy between the true value of the property and the value at which it is assessed for taxes is permissible to cover a difference in opinion or judgment. Dallas County v. Dallas Nat. Bank, 142 Tex. 439, 179 S.W.2d 288; Darby v. Borger Independent School District (Tex.Civ.App.), 386 S.W.2d 572.

■ That portion of the judgment allowing a recovery for a portion of the taxes based upon the Board's assessment rests upon the implied finding that the discrepancies in valuations were reasonable discrepancies and amounted to no more than a mere difference of opinion. These differences in our opinion, are not so great as to create a presumption of fraud on the part of the Board as a matter of law. The values set by the Board of Equalization thus not being void, we find no error in the ruling of the trial court allowing a recovery of taxes based thereon.

The appellants next contend that the court erred in failing to grant their motion for judgment and in granting the City a judgment for taxes based upon a portion of the Board's assessments because they contend that the uncontradicted and undisputed evidence shows that the Board did not call before it witnesses or receive any evidence as to the market value of appellants' property and the city was therefore compelled to accept the rendered value as a basis for taxation.

In this connection, the undisputed evidence shows that at all times during the equalization process and at the time of the assessment, the Board was accompanied by the members of the Industrial Appraisal Engineers, who supplied the Board with their information concerning the property, as well as their opinion of the market value thereof. The evidence further shows that in some instances the Board made adjustments in the appraisals upon complaint by the taxpayers. In 1962, upon complaint of the appellants, the Board made some adjustments in their valuations. By and large, most of the appraisals furnished by the In-

dustrial Appraisal Engineers were adopted by the Board in assessing taxes throughout the City. The testimony of the Board members reveals that most of them were familiar with appellants' property and that they, to some extent at least, took into consideration their general knowledge of appellants' property in arriving at the market value.

■ It is the settled law in this state that a Board of Equalization, being a quasi-judicial and not a judicial body, is not bound by the ordinary rules of evidence, but that it is allowed a broad latitude in determining the value at which property is to be assessed for taxing purposes and that in determining these valuations, it may take into consideration any fact or circumstance which tends to show such value. The members of the Board may consider their own experiences and knowledge of the particular property and of values generally. Exporters & Traders Compress & Warehouse Co. v. City of Marlin (Tex.Civ.App.), 130 S.W.2d 860; Lamar County Electric Cooperative Ass'n v. Red River County (Tex.Civ.App.), 170 S.W.2d 579.

■ We must presume that the Board discharged their duties according to law and based their judgment either upon their own knowledge or the evidence presented by their appraisers. State v. Whittenburg, supra. The evidence presented in this connection is not thought to be sufficient to overcome the presumption.

Appellants insist that the portion of the judgment allowing a recovery for the taxes is void because the assessed value was arrived at by the use of a fundamentally erroneous plan or scheme of evaluation. In this connection appellants assert that the evidence conclusively establishes that the Board adopted the appraisal of the Industrial Engineers in toto without regard to the market value. Based upon this premise, they take the position that the appraisal value furnished by the Industrial Engineers was not based upon market value, but was based upon the market value of the land

plus reproduction costs of improvement less depreciation. Thus, they contend that the value of their land, as well as all other land in the City, was arrived at by an arbitrary scheme. They conclude that since the value placed upon their lands was found to be in excess of the market value, they have shown that the scheme caused them substantial injury as a matter of law.

This suit was filed by appellants for injunctive relief to avoid the payment of taxes long after the valuations of the Board of Equalization were already made. Though the record does not, in our opinion, show an arbitrary and illegal scheme of taxation, even if it did, relief by injunction was subsequent to the time that such alleged arbitrary and illegal scheme was put into effect and after the other taxpayers had presumably paid their taxes for several of the years involved, and under the settled law of this state, appellants assumed the onerous burden of establishing facts showing substantial injury. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414; State v. Whittenburg, supra; Darby v. Borger Independent School District, supra.

■ In State v. Federal Land Bank of Houston, 160 Tex. 282, 329 S.W.2d 847, the Supreme Court of this state held that proof of substantial injury means that the taxpayer must prove that his taxes in dollars and cents are substantially higher by virtue of the alleged arbitrary plan or scheme of taxation.

■ The mere fact that appellants' taxes were based upon an assessed value in excess of the market value would not, in our opinion, show substantial injury. In order to show that substantial injury resulted from the arbitrary plan or scheme, appellants would have the burden of making at least a reasonable showing that if all other property in the City had been assessed at market value, appellants' taxes would have not only been less, but substantially less. In other words, the taxpayer has the burden of showing in dollars and cents that he is

not only worse off, but substantially worse off as a result of the plan. City of Orange, Texas v. Levingston Shipbuilding Co., (5th Cir.) 1958, 258 F.2d 240. Appellants did not undertake to make such proof.

The remaining Points of Error have been considered and have been found to be without merit.

Accordingly, the judgment of the trial court denying the injunction and permitting recovery for taxes on those assessments found not to be grossly excessive is affirmed.