**WARREN INDEPENDENT SCHOOL DISTRICT et al., Petitioners,**

v.

**SOUTHERN NECHES CORPORATION et al., Respondents.**

No. A–11209.

Supreme Court of Texas.

June 22, 1966.

Rehearing Denied July 20, 1966.

E. G. Aycock, Fort Worth, for petitioners.

Fountain, Cox & Gaines, Houston, Whitworth & Trimble, Jasper, Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, Wheat & Wheat, Woodville, for respondents.

PER CURIAM.

The trial court rendered judgment setting aside the tax assessments upon certain timber and timberlands owned by Southern Neches Corporation and a number of other complaining taxpayers. The Court of Civil Appeals, 405 S.W.2d 100, affirmed that judgment. It is our opinion that the courts below reached the correct result, but we disapprove the holding of the Court of Civil Appeals that the complaining taxpayers were denied due process of law by the Board of Equalization.

The Board set hearings for the determination of mineral land values at one time, and hearings for the determination of timber and timberland values at a later time. The timber owners appeared and asked leave to cross-examine the witnesses who appeared at the earlier hearings, but the Board of Equalization denied the request. The Board accorded the timber owners full opportunity to present their evidence at the hearing set for consideration of the timberland values, including evidence of the values of the minerals which the timber owners contended were not bearing their proportionate share of the tax burden. Hearings before boards of equalization are informal and quasi-judicial in nature. State v. Houser, 138 Tex. 28, 156 S.W.2d 968, 970 (1941); Simkins v. City of Corsicana, 86 S.W.2d 792 (Tex.Civ.App. 1935, no writ). The Board's action in limiting the timber owners to the presentation of their proof at the time and place set for the consideration of the values of

their properties was not a denial of due process.

The application for writ of error is refused, no reversible error. Rule 483, T.R.C.P.