**CONLEE SEED COMPANY, Inc., Appellant,**

v.

**CITY OF WACO, and Waco Independent School District, Appellees.**

No. 4740.

Court of Civil Appeals of Texas.

Waco.

Nov. 7, 1968.

Rehearing Denied Nov. 27, 1960.

———◆———

Beard & Kultgen, Waco, for appellant.

Don J. Rorschack, Asst. City Atty., Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a suit brought by the City of Waco and Waco Independent School District, to collect delinquent taxes on personal property of Conlee Seed Company for the year 1963. The trial court, without a jury, entered judgment for plaintiffs against defendant for the taxes, penalty and interest.

Defendant appeals, contending the trial court erred in refusing to hear testimony offered by defendant regarding the fair market value of its property, rendered and assessed for taxation for the year 1963, by the Tax Assessor-Collector.

Defendant had a seed business located in the City of Waco, but moved its principal office and the majority of its inventory in November, 1962 to a location outside the City of Waco. A small portion of the inventory remained at defendant's former location in the City, on January 1, 1963.

Defendant failed to render the personal property remaining in the City of Waco on January 1, 1963, and the Tax Assessor of the City assessed the value of the property at $41,000., which was the same value placed on the property for the preceding year. The Tax Assessor-Collector sent notice of the assessment to defendant. Defendant made no protest to the Tax Assessor-Collector. The Tax Assessor-Collector placed the property on the tax roll at the $41,000. assessed value, and the tax roll was passed to the Board of Equalization. The Board of Equalization did not increase the value placed on defendant's property by the Tax Assessor-Collector, and gave no notice to defendant that his property remained on the tax roll at a valuation of $41,000.[1] Defendant did not appear before the Board and protest the value placed on his property. Defendant did not pay taxes on the property, and plaintiffs filed suit for such delinquent taxes. Defendant answered by general denial, and alleged that the assessment was grossly excessive.

The record reflects that when defendant failed to render the property, the plaintiff's Tax Assessor sent a deputy to the defendant's location; the deputy looked at the outside of the building where defendant's property had been, but did not go in. Upon the deputy's return to the tax office, the property was rendered by the Tax Assessor at $41,000., which was the figure it had been rendered at for the prior year. Property for tax purposes in Waco is rendered at 52% of its actual or market value. The rendition of the Tax Assessor of this property at $41,000. thereby placed a market value on same of approximately $80,000.

Defendant sought to testify that the property within plaintiffs' tax jurisdiction on January 1, 1963 was worth $5,000. or $6,000. Plaintiffs objected to such evidence on the ground that defendant had not followed the procedure prescribed by the

---

1. "Article VIII Section 4. Board of Equalization.
   "Whenever the Board shall find it necessary to increase the rendered or assessed value of any property appearing on the assessment rolls, it shall give immediate notice to the owner of such property * * * and provide said owner an opportunity to appear and show cause why the value of such property should not be changed."

Charter of the City of Waco, that is that the taxpayer must apply to the Board of Equalization for relief from excessive taxation, and that since defendant had not exhausted his administrative remedies, he could not resort to the courts for protection against excessive valuation placed on his property by the Tax Assessor-Collector. The trial court sustained plaintiffs' objections to the admission of the evidence, and defendant perfected his bill of exception.

The question for determination here, is whether defendant can be granted relief in the courts against *grossly* excessive valuation of his property, when he did not protest such valuation to the Board of Equalization.

The valuation placed on the property by the plaintiffs was $41,000. Defendant, if allowed to testify, would have testified the property worth approximately $5,000. to $6,000. 52% of $5,000.–$6,000. is approximately $3,000. value for tax purposes. $41,000. is approximately 14 times greater than $3,000. Defendant contends that the $41,000. valuation is so grossly excessive that, in law, it is sufficient to establish such fraud or illegality as to render the assessment void; and that this is so whether or not defendant did or did not appear before the Board of Equalization.

Plaintiff contends that defendant is not entitled to relief in the courts because he failed to appear before the Board of Equalization to protest the value the Board placed on his property.

There are cases which hold that if an owner does not present evidence of the value of his property before the Board of Equalization that he is without standing to attack the valuation of his property as excessive in the courts (as distinguished from grossly excessive).

■ The decisions of a Board of Equalization as to valuations are quasi-judicial; and in the absence of fraud or *other* obvious *violation of the law, are not* subject to collateral attack. And such valuations will not be set aside upon a showing that they are in fact excessive. But if a board adopts a method that is illegal, arbitrary, or fundamentally wrong, *or if its valuation is grossly excessive, the decision of such board may be attacked and set aside.* State v. Houser, 138 Tex. 28, 156 S.W.2d 968, 970, 971.

■ And cancellation of the assessment should follow if the assessment is found to be *grossly excessive.* Whelan v. State, 155 Tex. 14, 282 S.W.2d 378, 385.

■ And a *grossly excessive* valuation may, in law, be sufficient to establish such fraud or illegality as to render a valuation void. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 573; Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71, Er.Den.

■ And the taxpayer is not estopped to contend the assessment void because he failed to go before the Board of Equalization and enter a protest. French Ind. School Dist. of Jefferson County v. Howth, Tex.Com.App., opinion adopted 134 Tex. 211, 134 S.W.2d 1036, 1037. Ogburn v. Ward Co. Irr. Dist. No. 1, Tex.Com.App., Op. Adopted, 280 S.W. 169, 171.

■ We think, under the authorities cited, that a taxpayer can be granted relief in the courts against a *grossly* excessive valuation of his property, although he did not protest such valuation before the Board of Equalization.

■ A reasonable discrepancy between the true value of the property and the value at which it is assessed for taxes will be permitted to cover the difference in judgment as to the value of the property, but where the property is assessed at a value 7 times as high as its true value, the valuation is grossly excessive. Dallas County v. Dallas Nat. Bank, 142 Tex. 439, 179 S.W.2d 288; City of Ft. Worth v. Ft. Worth Radiator Mfg. Co., CCA (n. r. e.) 278 S.W.2d 184. And an assessment of 20 times value is grossly excessive. Matthews v. City of Ft. Worth, CCA (Er.Dis.) 283

S.W.2d 957. And an assessment of 7 times the value is grossly excessive and void. Johnson v. Holland, 17 Tex.Civ.App. 210, 43 S.W. 71, Er.Den. And an assessment of 9 times value is grossly excessive. Ogburn v. Ward County Irr. Dist. No. 1, Tex.Com.App., Op. Adopted, 280 S.W. 169. And an assessment of 2 times value is grossly excessive. Pierce v. City of Jacksonville, CCA (n. r. e.) 403 S.W.2d 512.

It follows defendant was entitled to put on evidence as to the value of his property, and if defendant establishes that the valuation of the Board of Equalization is grossly excessive, the trial court should declare such assessment void.

Defendant's point is sustained.

Reversed and remanded.