**William Y. HARVEY, Appellant,**

v.

**Richard PARKS, Tax Assessor-Collector, et al., Appellees.**

**No. 17395.**

Court of Civil Appeals of Texas, Fort Worth.

March 16, 1973.

Rehearing Denied April 27, 1973.

Laurance L. Priddy of Law Office of George Busch, Inc., Fort Worth, for appellant.

Rohne & Hoodenpyle, and Wayne A. Rohne, Arlington, for appellees.

OPINION

MASSEY, Chief Justice.

Plaintiff William Y. Harvey paid under protest into the registry of the court the amount of 1970 taxes assessed by various taxation authorities and brought suit to cancel the ad valorem tax assessment made on his property for the year 1970. Though he had not rendered his property plaintiff had appeared before the proper boards and agencies at the various stages of the taxation process and made complaints which were overruled, with assessment of his taxes approved by a Board of Equalization.

Trial was to a jury, to which two special issues were submitted, one inquiring as to the average per acre market value of the

property in question, and the other inquiring whether the assessed valuation of the taxing authorities was grossly excessive.

Judgment was rendered for defendant taxing authorities and the plaintiff appealed.

We affirm.

State v. Houser, 138 Tex. 28, 156 S.W.2d 968 (1941) sets forth tenets of Texas Tax law, two of which are important to the disposition of the instant case, viz: (a) valuations placed upon property for purposes of taxations will not be set aside merely upon a showing that the same are in fact excessive; and, (b) however, if the showing amounts to such that the valuations are in fact *grossly* excessive they may be set aside. On the principle of law stated see also City of Waco v. Conlee Seed Company, 449 S.W.2d 29 (Tex.Sup., 1969).

In line therewith we stated in City of Fort Worth v. Fort Worth Radiator Mfg. Co., 278 S.W.2d 184, 189 (Fort Worth, Tex.Civ.App., 1955, writ ref., n. r. e.) that the question is one of proportion; that where the taxing authority's valuation was excessively disproportionate to true or actual value it becomes "grossly disproportionate", and, as such the valuation would be void.

In the instant case the excessiveness in the valuation of the taxing authority is shown as a matter of law; not so is the fact that its character was *grossly* excessive. By jury finding the amount of the excessiveness was 22 per cent (difference between the per acre valuation of $8,769.65 and the per acre value found by the jury as $6,800.00). Under the showing made by the record concerning anticipatory completion of improvements outside the premises of the plaintiff which could have been considered as reasonably enhancing its value as of the date of the assessment, question of the existence of gross excessiveness in the valuation by the taxing authorities, even when accorded utmost liberality from the standpoint of the plaintiff, was one of mixed fact and law.

Upon trial the plaintiff obtained submission of a jury issue upon the matter of gross excess in valuation, in reply to which the jury answered "No, it was not grossly excessive". Therefore one reason why plaintiff lost his case was because he failed to prevail by this jury finding. We hold that another reason for his loss would be by the application of the law to percentage differential between "valuation" and the finding of the jury of "value". By such application of law we hold there was not anything gross in its excess over the actual value.

In Pierce v. City of Jacksonville, 403 S.W.2d 512 (Tyler, Tex.Civ.App., 1966, ref., n. r. e.), the court wrote at length in an analysis of pertinent holdings in Whelan v. State, 155 Tex. 14, 282 S.W.2d 378 (1955). The court said that before a valuation can be said to be grossly excessive, the assessed value must be so far above the fair cash market value as to shock a correct mind and thereby raise a presumption that the valuation was fraudulent or did not represent a fair and conscientious effort on the part of the taxing authorities to arrive at the fair cash market value. Even when there has been excessive valuation cancellation of the assessments, etc., should not follow unless the finding on actual value shows the assessed valuations to be grossly excessive by proportion.

The authorities permit uncertainty as to whether it lies with the jury or with the court to determine whether the valuation is grossly excessive as distinguished from excessive merely. By Whelan v. State, supra, at page 384, the indication is that whether a valuation for tax purposes is grossly excessive is "the law question involved", determination of which would be for the court. In that manner was such "question" resolved in City of Waco v. Conlee Seed Company, supra.

But question as to propriety of submission of the special issue does not concern us in the instant case. The trial court's implied finding by judgment would be

identical with the jury's; thus the judgment would be correct in any event.

Nothing in the evidence tended to establish that there was anything arbitrary in the authorities' taxation plan as applicable to the subject property, or that there was a fundamentally erroneous tax scheme by which any property was taxed. Nothing more than an error of judgment played any part in the assessment of the property at an excessive figure, perhaps influenced by expectation of an earlier completion of utilities by which it would be serviced than proved to have actually been accomplished.

On those points of error presenting questions not covered by discussion the state of the evidence and record in several instances fails to support the matters of complaint embraced therein; others are premised upon a fallacious interpretation of the substantive law. In any event the points have been severally examined and are all overruled.

Judgment is affirmed.